This matter is before us in the form of an appeal, but it will be treated as a petition for common law certiorari.
The appellant Jenkins was tried and acquitted on a charge of breaking and entering and feloniously taking property of the West Coast Salvage Company. The State offered in evidence $1,005.20 taken from Jenkins upon his arrest. Upon acquittal Jenkins petitioned the Criminal Court of Record for the return of the $1,005.20. The petition was denied and the money was ordered delivered to the Chief of Police of the City of Tampa.
Upon the entry of the order denying the petition for return the defendant Jenkins entered an appeal from said order.
It has been urged that such an order of the Criminal Court of Record is not appealable under the Constitution and laws, and this contention is well founded. However, our forefathers have placed the review of such orders within the discretionary jurisdiction of this Court by the constitutional provision as follows: "The Court shall have the power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction." (Italics supplied.) F.S.A. Const. art. 5, § 5. True, the matter is not before us in the form of a petition for certiorari, but Chapter 23826, Laws of 1947, F.S.A. § 59.45, provides: "If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court."
This statute promotes the sovereign policy as stated in the Bill of Rights of our State Constitution, as follows: "Section 4. All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered with out sale, denial or delay." Section 4, Constitution of 1885.
The proper remedy for a review of the order should have been a petition for certiorari, but the appeal will be treated as such.
When property is received in evidence by a trial court and the accused is acquitted, the trial court has inherent power to make proper disposition of the property. The question involved here is one of proper exercise of jurisdiction.
The Criminal Court was not called upon to try title. The petition for restitution was of possession. The money was taken from Jenkins by the arresting officer. Jenkins was tried and acquitted and he wants his possessory rights to the money which was taken from him honored by the court. No factors have been shown to preclude this.
The petition of Jenkins seems to have been well founded, and the order of February 4, 1949, denying the petition of Jenkins and awarding the money to the possession of the Chief of Police, should be quashed.
TERRELL and HOBSON, JJ., concur. *Page 556